[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Maryann Bucchere appeals the decision of the defendant commissioner of motor vehicles suspending her motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff failed a chemical test of the alcohol content of her blood after her arrest on a charge of driving while under the influence of alcohol. The plaintiff appeals pursuant to General Statutes § 4-183. The court finds the issues in favor of the defendant commissioner.
An extensive evidentiary hearing was held in this case. The plaintiff appeared, represented by counsel, and testified. She also presented testimony by a companion who was with her the night she was arrested and by an expert witness in the field of pharmacology. The state police officer who arrested the plaintiff also testified. The report of that officer and the Glastonbury police officer who first encountered the plaintiff were admitted in evidence over the plaintiff's objection. The police had videotaped the proceedings at the CT Page 4065 police station, and the videotape was introduced and shown at the administrative hearing. Finally, a statement from the state health department certifying that the intoximeter had been checked for accuracy on November 16, 1992, was introduced in evidence.
Certain facts concerning the incident and the administrative hearing are not in dispute. Glastonbury Police Commander Hayes, while off duty, observed the plaintiff operating her vehicle on the New London Turnpike in Glastonbury in what he believed to be an erratic manner. When she pulled over to the shoulder and stopped, he followed and confronted her. He determined that he should call for assistance. Glastonbury Police Officer Viens responded. She administered the field sobriety tests, concluded that she then had probable cause and arrested the plaintiff on a charge of driving under the influence. Officer Viens took the plaintiff to police headquarters, where she administered breath tests on an intoximeter machine. The results of the two tests were .318 and .303.
The plaintiff and her companion testified that she had consumed four or five drinks of scotch whiskey, each drink about an ounce, at a bar, during the hour and a half period prior to her encounter with the police. Doctor James O'Brien testified that that amount of alcohol would not produce the test results alleged by the police. He further testified that the plaintiff, as shown in the videotape, did not exhibit the gross intoxication indicated by the intoximeter readings.
On the basis of the evidence summarized above, the hearing officer found that the police had probable cause to arrest the plaintiff, that they did arrest her, and that she had failed the breath test. The hearing officer stated as a subordinate finding that there was insufficient evidence of any malfunctioning of the intoximeter. On reconsideration, the commissioner held that the police A 44 form and the supplemental reports of Officer Viens and Commander Hayes were properly admitted by the hearing officer.
The sole basis of the plaintiff's appeal to the court, as set forth in her brief, is that the hearing officer wrongly admitted the narrative supplements to the A 44 report. In particular, she argues that the provisions of General Statutes § 14-227b(c) and Regs. Conn. State Agencies § 14-227b-19 limit CT Page 4066 the kind of police report that may be admitted in administrative proceedings conducted by the motor vehicle department under § 14-227b. This claim may not be sustained.
The statute and regulation permit the admission of the police report on a form approved by the motor vehicle department. The department has approved the A 44 form. That form provides in the instructions to the reporting officer that the officer may "[a]ttach additional sheets or materials necessary to explain portions of this Report. Such attachments are considered part of this Report and are approved by the Commissioner. The statements and information contained therein are subscribed and sworn to under penalty of false statement." Although these provisions do not establish irrebuttably that any papers attached to the A 44 form must be admitted because they are "part of (the) Report," they provide sufficient basis for doing so in the absence of evidence that affects the papers' authenticity.
In the present case, there was no evidence that the supplement to the A 44 form, signed and sworn to by Officer Viens, was not exactly what it purported to be, a narrative explanation of the incident described in the A 44 form. And, of course, Officer Viens was present at the hearing and testified to its authenticity. The fact that she did not check a block to indicate she was attaching extra pages is of no significance. The hearing officer correctly admitted the narrative report of Officer Viens.
The plaintiff also objected to the admission of Commander Hayes' report. Hayes was not the arresting officer, and he did not complete an A 44 form. Instead, he purportedly wrote a report of his role in the incident, which he signed under oath. Neither the plaintiff nor the hearing officer subpoenaed Hayes, although there is no reason to suppose that he was not available. The plaintiff's objection to the admission of his report is that it is hearsay.
General Statutes § 4-178 provides that "(a)ny oral or documentary evidence may be received" at the administrative hearing of a contested case, and our courts have held that this includes even hearsay evidence so long as it is reliable and probative. Cassella v. Civil Service Commission, 4 Conn. App. 359,362 (1985); aff'd 202 Conn. 28, 33 (1987). Although there are exceptions to this rule, the plaintiff has not CT Page 4067 pointed to any reason for disallowing the evidence in this case. In particular, the court does not agree that the statute and regulation cited by the plaintiff create a limitation on the evidence that a hearing officer can allow in an administrative per se hearing under § 14-227b. There is nothing in either the statute or regulation that requires or encourages such a restrictive reading.
In the present case, the report of Commander Hayes was signed under oath and witnessed. In addition, much of the contents of the report was corroborated by the testimony of Officer Viens, who arrived while Hayes was still at the scene. The hearing officer did not commit error in admitting the report.
For all of the foregoing reasons, the court concludes that the commissioner's decision must be affirmed. The plaintiff's appeal is dismissed.
MALONEY, J.